# BURKE VS. GAINES ET AL.

For the questions involved and principles decided, see the preceding case of *Gaines al. vs. Hale.*

*Appeal from the Circuit Court of Hot Spring County.*

Hon. JOHN C. MURRAY, Circuit Judge.

PIKE & CUMMINS, for the appellant.

WATKINS & CURRAN, and TRAPNALL, for appellees.

Mr. Justice WALKER, delivered the opinion of the Court.

The plaintiffs brought ejectment to recover possession of lands, which they claimed to hold by virtue of an entry made under a right of pre-emption, granted by an act of Congress, approved 29th May, 1830. Upon the trial, the certificate of entry was offered in evidence, and permitted, by the court, to go to the jury over the objection of defendant. The other facts necessary to entitle the planitiffs to recover, were admitted by the defendant. The defendant then proposed to prove that there were adverse equitable claims, upon the same land; that the plaintiffs were not, in fact, entitled to a pre-emption, and that no adjudication was had by the Register and Receiver, who permitted the entry to be made.

For the purposes of the trial, the plaintiffs admitted the fact to be true, but objected to the evidence as irrelevant and incompetent, under the issue in this case, and the objection was sustained and the evidence excluded. Several instructions were asked by the defendant to be given to the jury; the effect of which was to impeach the validity of the entry, upon the ground

that it was void. Judgment was for the plaintiffs. The Circuit Court decided correctly, upon all of the questions of law arising upon the exceptions taken in the the case; according to the decision of this court, at the present term in the case of *Gaines et al. vs. John C. Hale*, in which the same entry was considered, and held to be valid. And that evidence, such as was offered by the defendant in this case, was inadmissible in an action of ejectment, in which the plaintiff claims title under the certificate of entry, which, under our statute, is made sufficient evidence of title, to entitle the plaintiff to recover against any one who cannot show a superior legal title.

Such defence, if available to the defendants, must be made in equity, not at law. Let the judgment be affirmed.

Before Mr. Justices SCOTT and WALKER, and Hon. THOMAS JOHNSON, Special Judge.

Mr. Chief Justice ENGLISH not sitting in this case.